**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER LEE GLOVER<br>6633 N. 20th Street<br>Philadelphia, PA 19138<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S HOSPITAL OF PHILADELPHIA d/b/a CHOP<br>3501 Civic Center Blvd.<br>Philadelphia, PA 19104<br><br>Defendant. | : | CIVIL ACTION<br><br>NO.: ____________________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Christopher Lee Glover (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by The Children's Hospital of Philadelphia d/b/a CHOP (hereinafter referred to as "Defendant") of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. Plaintiff asserts, *inter alia*, that Defendant discriminated against him because of his age by subjecting him to a hostile work environment and pretextual discipline, ultimately terminating his employment for discriminatory and/or retaliatory reasons, and thereafter failing to hire and/or rehire him, all in violation of the ADEA. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law(s). There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. The Children's Hospital of Philadelphia d/b/a CHOP is a leading pediatric hospital and research facility, located at the above-captioned address, with a Department of Veterinary Resources ("DVR") that supports research using animals.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about November 15, 1986, and in total, Plaintiff was employed by Defendant for ***approximately thirty-eight (38) years*** in various roles, both as a contractor and non-supervisory employee.

12. For example, in or about 2018, Plaintiff worked as a full-time Non-Human Primate Caretaker (a union position), in Defendant's Veterinary Resources Department (hereinafter the "Department"), which supports and consults on scientific, medical, and compliance issues related to animal-based research.

13. Thereafter in or about July of 2022, Plaintiff through hard work and dedication and after years of successfully performing his duties for Defendant, was promoted to Animal Facility Supervisor in the Department and held the same title until his unlawful termination, (discussed further *infra*,) on or about August 1, 2024.

14. As an Animal Facility Supervisor, Plaintiff was primarily responsible for overseeing daily operations of the animal facility and the staff assigned to him, including training and coaching his supervisees on Department standard operating procedures, regulatory protocols, and CHOP policy; delegating research requests and assignments to them; and monitoring equipment maintenance programs to ensure the highest level of animal environment regulatory compliance.

15. Following his promotion to Supervisor, Plaintiff initially reported to Manager of Husbandry Operations, Jonathan Cruz, (hereinafter "Cruz"), and worked alongside another Supervisor, Keith Smalley (hereinafter "Smalley").

16. In or about early 2023, Cruz left Defendant and Smalley was promoted to Manager of Husbandry Operations.

17. Accordingly, Plaintiff began primarily reporting to Smalley, who was approximately forty (40) years old, and generally also reported to Director of Husbandry and Operations, Nicole Slaughter (hereinafter "Slaughter"), who was in her late thirties (30s).

18. Plaintiff is a 63-year-old man, and upon information and belief, was the oldest supervisor in Defendant's Department during his employment.

19. Plaintiff had more than ***two (2) decades*** of experience in the industry and maintained a stellar employment record without a history of progressive discipline.

20. Throughout his employment, Plaintiff was a hard-working employee who performed his job duties very well, regularly worked ten (10) to twelve (12) hour shifts, and received positive performance reviews and accolades for several years. Indeed, Plaintiff was a trusted and experienced employee whom Defendant relied upon for years to train new employees within the Department.

21. Significantly, prior to Smalley becoming Plaintiff's Manager, Plaintiff's former supervisor, Cruz, had no significant issues with Plaintiff's job performance, trusted Plaintiff to perform his supervisory responsibilities, and continued to rely upon Plaintiff's extensive experience, including training new employees.

22. However, during approximately the last year of Plaintiff's employment with Defendant, Defendant's management, including but not limited to Smalley, began subjecting Plaintiff to hostility, animosity, and disparate treatment because of his advanced age, and it was

made clear to Plaintiff that Defendant was looking for a reason to terminate Plaintiff as a result of the same.

23. For example, leading up to his unlawful termination, Smalley asked Plaintiff when he planned to retire no fewer than ***three (3) or four (4) times***.[1]

24. Plaintiff was completely taken aback and offended by Smalley's repeated questions regarding retirement, as Plaintiff perceived them to be outright age discrimination.

25. Moreover, Plaintiff avers that he was fully capable of performing the duties of his position and objected/complained to Smalley's repeated retirement inquiries, that he "had a ***few more years in [him].***"

26. Moreover, Defendant selectively enforced policies and discipline against Plaintiff, while treating substantially younger employees more favorably.

27. For example, in the year leading up to his termination, one of Plaintiff's team members (direct report) Angie Thornton (age 40s, hereinafter "Thornton") became belligerent when Plaintiff interviewed another direct report, Hardy Robinson (age 30s/40s, hereinafter "Robinson") for a floor lead position.

28. Thornton had a particular issue with Robinson as he had made an inappropriate comment regarding transgender individuals to Robinson, whose daughter is transgender.

29. When Plaintiff informed Thornton that everyone was to be afforded an interview (Robinson was not ultimately selected for the job), Thornton began to treat Plaintiff in a rude and demeaning way, regularly complaining about Plaintiff to Smalley, including instituting a campaign to convince Smalley that Plaintiff was no longer capable of doing his job duties or making competent decisions – a thinly veiled reference to his advanced age.

---

[1] *See, e.g., Sesso v. Mercy Suburban Hosp*., 2013 WL 961625, at *4 (E.D. Pa. 2013) (explaining any suggestion that any employee retire is evidence of discriminatory animus based on age and holding such statements are sufficient if credited by a jury to find a termination based upon age discrimination).

30. Despite being a long-standing employee with Defendant with several years of experience, Smalley credited the word of a far younger employee, Thornton, over Plaintiff – as Smalley had previously made clear that he was looking for Plaintiff to retire and/or leave Defendant.

31. Notably, neither Thornton nor Robinson were terminated, much less disciplined for their discriminatory and offensive behavior, which upon information and belief violated Defendant's code of conduct and discrimination policies.

32. Indeed, while Smalley was repeatedly questioning Plaintiff regarding when he intended to retire, he also began to question whether Plaintiff was able to effectively perform his job duties as a result of his long-tenure and age and ultimately placed Plaintiff on a 90-day Performance Improvement Plan ("PIP") for nonsensical reasons, which included minor mistakes or infractions that multiple other younger and/or other employees had committed without discipline.

33. For example, Smalley placed Plaintiff on a discriminatory and disciplinary PIP for purportedly not addressing time-sensitive staff concerns, mishandling staff attendance records, and lack of efficiency in completing department procedures.

34. Not only did Plaintiff routinely handle staff concerns and department procedures in a timely manner, Plaintiff had simply made one mistake on Thornton's hours, as she had reported working for 8 hours one day, but she had not been in Plaintiff's department (nor had Plaintiff seen her all day). So, Plaintiff adjusted Thornton's hours, not knowing she had obtained hours working in another department, for which no one informed him.

35. The aforesaid payroll issue for Thornton was an easy fix with a payroll adjustment that multiple other employees had performed on several occasions without being subjected to a disciplinary PIP.

36. Incredulously, Plaintiff was then abruptly terminated ***just 10-days into the 90-day PIP*** – on or about August 1, 2024, for purportedly not completing tasks related to the PIP.

37. Not only was Defendant's purported justification for Plaintiff's termination is completely false and pretextual, as Plaintiff was moving in a positive direction toward completing the alleged deficiencies of the PIP (even though he avers that it was inaccurate and retaliatory), but he had ***only been 10 days into the PIP***, which would not have been enough time for anyone to complete all the PIP tasks (legitimate or otherwise). .

38. There is no doubt that Smalley used any minor infraction, an honest mistake, or manufactured reasons to justify Plaintiff's termination as a result of his advanced age – as demonstrated by his repeated questions about when Plaintiff would/should retire, leading up to his discriminatory termination.

39. Moreover, other younger employees who have committed far worse infractions that Plaintiff was alleged to have purportedly committed, were not terminated for the same (such as Robinson making a discriminatory and offensive comment about transgender people to Thornton).

40. Following Plaintiff's termination, his job duties have been completed by far younger, less experienced, less skilled, and less tenured employee(s) than Plaintiff, who do not have the skill and experience that Plaintiff had acquired while working for Defendant, including Octavia (Last Name Unknown – hereinafter "Octavia") who was approximately in her thirties.

41. Most egregiously, after his termination, Plaintiff applied for an available Caretaker position within Defendant, for which he was more than qualified for (and in fact would be a demotion from his former supervisory job) based upon his decades of experience working for Defendant and his prior experience performing animal-care responsibilities within Defendant's Department of Veterinary Resources.

42. However, Plaintiff was not hired, much less even considered or interviewed for the aforesaid Caretaker position. Upon information and belief, a substantially younger female employee in her twenties was instead hired for the position.

43. Significantly, Smalley was the applicable supervisor for the Caretaker position and undoubtedly had input as to who was interviewed and/or hired for the same.

44. Thus, it is no surprise that Plaintiff was not hired and/or rehired by Defendant into the Caretaker role, as Smalley had made no secret as to his desire to have Plaintiff retire and/or be terminated as a result of his advanced age (as set forth *supra*).

45. Plaintiff believes and therefore avers, that he was subjected to discrimination, a hostile work environment, retaliation, terminated, and not subsequently hired/rehired by Defendant because of his age and his objections to Defendant's management's questions and/or requests about when he planned to retire and/or age discrimination.

46. Plaintiff also believes and therefore avers that his advanced age was a motivating and/or determinative factor in his termination and Defendant's failure to hire/rehire him into another position for which he applied and was qualified for.

**COUNT I**
**<u>Violation of the Age Discrimination in Employment Act ("ADEA")</u>**
**([1] Age Discrimination; [2] Hostile Work Environment; [3] Retaliation; and [4] Failure to Hire/Rehire)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. During his 38-year tenure with Defendant, Plaintiff had no history of significant discipline.

49. Plaintiff was treated disparately with respect to policies and termination contrary to individuals substantially younger than him.

50. Plaintiff was also discriminatorily and retaliatorily subjected to age-related derogatory statements, such as repeated and insistent questions/suggestions about when he would retire.

51. Plaintiff objected to the aforementioned questions/suggestions regarding his retirement to Defendant's management, but his concerns were ignored, and Defendant's management continued to subject him to hostility, animosity, and disparate treatment because of his advanced age.

52. Plaintiff was abruptly terminated on or about August 1, 2024, for completely pretextual reasons.

53. Upon information and belief, after Plaintiff was terminated, his work for Defendant was performed by much younger, less experienced individuals who do not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

54. Following his termination, Plaintiff also applied for an available Caretaker position within Defendant, for which he was more than qualified for based on his prior experience within Defendant. However, Plaintiff was not hired, much less even considered or interviewed for the position, upon information and belief because of his advanced age.

55. Plaintiff believes and therefore avers, that he was subjected to discrimination, a hostile work environment, retaliation, terminated, not subsequently hired/rehired into another position within Defendant because of his age and his objections to Defendant's management's questions and/or requests about when he planned to retire and/or age discrimination.

56. Plaintiff also believes and therefore avers that his advanced age was a motivating and/or determinative factor in his termination and Defendant's failure to hire/rehire him into another position for which he applied and was qualified for.

57. These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 7, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

Christopher Lee Glover : CIVIL ACTION
:
v. :
:
The Children's Hospital of Philadelphia d/b/a CHOP NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| | | |
|---|---|---|
| 10/7/2026 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

GLOVER, CHRISTOPHER LEE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

THE CHILDREN'S HOSPITAL OF PHILADELPHIA D/B/A CHOP

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/7/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______